UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-02421-DMG (SK) | Date | January 17, 2020 |
|---|---|---|---|
| Title | Charlie B. Bells Jr. et al v. Groves et al. | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner proceeding pro se with a civil rights complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He alleges that three federal prison guards violated his constitutional rights when they sexually assaulted him, abetted that assault, and failed to intervene during the assault. (ECF 1 at 3-4). Plaintiff appears to admit, however, that he did not exhaust his available prison administrative remedies before filing the complaint. (*Id.* at 3-5 (stating that there was "interference at institutional level by staff" without further explanation)). The Prison Litigation Reform Act ("PLRA") of 1995 requires that state prisoners seeking relief in federal court for alleged civil rights violations exhaust all available prison administrative remedies before filing a federal lawsuit. *See* 42 U.S.C. §§ 1997e(a), (h). In California, an inmate must complete three levels of formal review to exhaust a complaint. *See* 15 Cal. Code Reg. § 3084.7 (2011). An appeal is not considered exhausted until the prisoner has completed the third level of review. *See id.* § 3084.1(b). Plaintiff should be aware of this requirement, given that his previous lawsuit based on the same underlying events was dismissed for lack of administrative exhaustion. (*See* Case No. 5:16-cv-01598-DMG, ECF 73, 74, 75, 78).

But even if Plaintiff could show he completed administrative exhaustion, relief would still be unavailable because Plaintiff's claims are untimely. The assault complained of occurred "on or about" May 26, 2016. (ECF 1 at 3-4). So Plaintiff had to bring any claims alleging constitutional violations based on this assault within two years. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (section 1983 suit in California federal court has two-year statute of limitations); *Schwarz v. Meinberg*, 761 Fed. App'x 732, 735 (9th Cir. 2019) (same for Bivens claims). But Plaintiff did not file this action until December 2019, more than a year after the limitations period had lapsed. As a result, any viable *Bivens* claims based on the assault alleged in Plaintiff's complaint—even if administratively exhausted—are time-barred.

Finally, to the extent that Plaintiff tries to assert a First Amendment claim because "staff are still trying to stop" his civil rights complaint and are retaliating against him by throwing away his property (ECF 1 at 5), these allegations are too conclusory to state a claim on which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-02421-DMG (SK) | Date | January 17, 2020 |
|---|---|---|---|
| Title | Charlie B. Bells Jr. et al v. Groves et al. | | |

relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To state a claim on which relief may be granted, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." (internal quotation marks omitted)). Plaintiff fails to allege the basic who, what, when, where, and why of this claim against unnamed Defendants. So Plaintiff's complaint, as currently pled, fails to state a First Amendment claim. *See Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1156 (N.D. Cal. 2013) (dismissing action because Plaintiff failed to clarify which claims were brought against which Defendants and articulate a factual basis for any of her claims; these deficiencies ran "afoul of the requirements of both Rule 8(a) and Rule 12(b)(6), particularly in light of *Twombly* and *Iqbal*.").

\* \* \* \* \* \* \* \* \*

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **February 17, 2020**, why his in forma pauperis application should not be denied and this action dismissed because of the legal and factual deficiencies outlined above. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A(b)(1). If Plaintiff cannot cure these deficiencies, he may voluntarily dismiss this action without prejudice using the attached form CV-09. Alternatively, Plaintiff may file a First Amended Complaint curing all these deficiencies, including in particular for any First Amendment claim, and meeting the pleading requirements of Rules 8 and 12(b)(6).

**WARNINGS**: If Plaintiff fails to take one of these actions on time, this action may be dismissed involuntarily in its entirety for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. If Plaintiff files either an amended complaint that does *not* cure the deficiencies described in this order (including for the First Amendment claim) or a response standing on the original complaint as deficiently alleged, the Court will recommend that claims and Defendants be dismissed *without leave to amend* consistent with this order.

**IT IS SO ORDERED.**