# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE B. BELLS, JR., <br><br> Plaintiff, <br><br> v. <br><br> GROVES et al., <br><br> Defendants. | CASE NO. 5:19-cv-02421-DMG (SK) <br><br> **ORDER DISMISSING ACTION** |

In December 2019, Plaintiff Charlie Bells, Jr. filed this civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging sexual assault and retaliation by federal prison guards at the United States Penitentiary in Victorville, California ("USP-Victorville") in May 2016. (ECF 1). Plaintiff sued before for these same events from USP-Victorville but lost on summary judgment in early 2019 for lack of administrative exhaustion under the Prison Litigation Reform Act ("PLRA"). (*See Charlie Bells Jr. v. USP–Victorville et al.*, Case No. 5:16-cv-01598-DMG, ECF 26, 73-74). In his second attempt here, Plaintiff again faces a motion to dismiss for failure to exhaust under the PLRA (among other grounds) by Defendant Robert Groves, the only remaining defendant. (ECF 68).[1]

But after nearly a year since that motion to dismiss was filed in March 2021, Plaintiff has yet to oppose it—even though he has been granted *five*

---

[1] Defendant Groves also moved alternatively for summary judgment based on failure to exhaust and qualified immunity. (ECF 68).

extensions of time to file his opposition papers. (ECF 73, 76, 83, 88, 98). The last extension order gave Plaintiff until January 2022 to oppose the motion to dismiss. (ECF 98). And just like in at least two prior orders to show cause, that order warned Plaintiff about the risk of involuntary dismissal for delayed prosecution. (ECF 78, 93, 98). Yet, the January 2022 deadline, like the others before it, has now passed with no timely opposition (or any other pertinent pleading) filed.[2]

As a result, the Court has no choice left but to dismiss this action for lack of prosecution and failure to obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. In so doing, the Court has considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). The Court's careful weighing of these factors, summarized below, supports dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, unprosecuted actions like this one still consume time that the Court could otherwise devote to its heavy docket of cases. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). That is in part why the Court's local rules provide that failure to oppose a motion to dismiss may be deemed consent to dismissal. *See* L.R. 7-12. Third, Defendant Groves is presumptively prejudiced when Plaintiff delays prosecution—

---

[2] In July 2021, Plaintiff filed a document captioned "Response to Defendant's Opposition," but nothing in that pleading joined issue with the merits of the motion to dismiss, especially the case-dispositive issue of PLRA exhaustion. (ECF 80). And right afterward, Plaintiff still asked for what would turn out to be his third request for more time to file a substantive opposition. (ECF 81). The Court thus had no reason or basis to treat Plaintiff's July 2021 "response" as his opposition to the pending motion. (ECF 83).

especially since the underlying disputed events happened in 2016. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Fourth, while public policy may generally favor disposition on the merits, it remains Plaintiff's responsibility to move the case toward that disposition. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). And last, no sanction short of dismissal is feasible given Plaintiff's *pro se* prisoner status. Indeed, the Court already warned Plaintiff—three times—of the adverse consequences, including involuntary dismissal, for failure to prosecute, and each time he failed to follow court orders. (ECF 78, 93, 98). *See Yourish*, 191 F.3d at 992; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The only remaining question, then, is whether Plaintiff's suit should be dismissed with or without prejudice. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1384-86 (9th Cir. 1996) (confirming district court's discretion to dismiss with prejudice for failure to prosecute under the Federal Rules and the court's inherent authority). While dismissal without prejudice is generally preferred for lack of prosecution, a "repeated failure to file necessary pleadings" or "respond to the court's orders"—as has happened here—can justify dismissal with prejudice.[3] *Amina v. WMC Mortg. Corp.*, 554 Fed. App'x 555, 555 (9th Cir. 2014). In addition, as noted, Plaintiff has already sued before for the same events alleged here. He lost that suit on summary judgment for lack of administrative exhaustion under the PLRA— the same ground for dismissal argued again in the motion to dismiss here. If, as credibly laid out in the declaration supporting that motion (ECF 68-1), Plaintiff has yet again not administratively exhausted his institutional

---

[3] Plaintiff also filed an interlocutory appeal in this case but neglected to prosecute that appeal, too. As a result, the Ninth Circuit dismissed the appeal for lack of prosecution. *See* Appeal No. 21-56202 (9th Cir. Jan. 24, 2022) (ECF 99).

remedies after losing on that very basis before, it is exceedingly hard to justify another discretionary dismissal without prejudice. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court may properly assess strength of plaintiff's case or likelihood of overcoming procedural barriers when dismissing with prejudice for lack of prosecution).[4]

For all these reasons, this action is ordered DISMISSED for lack of prosecution and failure to obey court orders. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (*per curiam*); Fed. R. Civ. P. 41(b); L.R. 7-12; L.R. 41-1. Final judgment dismissing this action WITH PREJUDICE will be entered accordingly.

IT IS SO ORDERED.

DATED: February 10, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
STEVE KIM
U.S. MAGISTRATE JUDGE

---

[4] And while the Court need not decide the issue, any future *Bivens* suit stemming from the same May 2016 events alleged here would likely be untimely under the applicable statute of limitations. *See Schwarz v. Meinberg*, 761 Fed. App'x 732, 735 (9th Cir. 2019). Given Plaintiff's lack of diligence in administratively exhausting his claims and diligently prosecuting this action, he would have many difficulties establishing equitable tolling. *See Fink v. Shedler*, 192 F.3d 911, 914, 916 (9th Cir. 1999).